1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KIRK M. RICHBOURG and CAROLE LEE RICKS, a married couple,<br><br>Plaintiffs,<br><br>vs.<br><br>BOBBY L. JIMERSON and JANE DOE JIMERSON, husband and wife; KIM JIMERSON and JANE DOE JIMERSON, husband and wife; ARIZONA TRANSMISSION & ENGINE EXCHANGE, INC., an Arizona corporation dba GLOBAL INDUSTRIAL AUTOMATICS,<br><br>Defendants. | No. CV-12-0136-TUC-BGM<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion to Reconsider Order on Plaintiffs' Second Motion to Compel Responses to Discovery Request #1 and for Sanctions and Motion to Continue the Deadlines (hereinafter "Motion for Reconsideration") [Doc. 49]. Plaintiffs seek reconsideration of this Court's July 25, 2012 Order [Doc. 46] granting in part and denying in part their Second Motion to Compel Responses to Discovery Request #1 and for Sanctions [Doc. 36] and granting their Motion to Continue Deadline to Amend Complaint and Join Additional Parties [Doc. 43].

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv. 7.2(g). Federal Rule

of Civil Procedure 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. No. 1J, Multnomah County v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981); s*ee also Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

Plaintiffs allege three points of error in their motion. As an initial matter, Plaintiffs seek a ten (10) day time frame for Defendants' compliance regarding Interrogatories 8 and 9, "provid[ing] customer lists and warranty claims based on the use of silicone in non-gasket areas of an engine body." Order 7/25/2012 [Doc. 46] at 4. The docket reflects that Defendants filed their Notice of Service of Defendants' Amended Responses to Plaintiffs' Discovery Request No. 1 [Doc. 53] on September 11, 2012. Additionally, on September 18, 2012, Defendants filed their Notice of Service of Defendants' First Supplemental Disclosure Statement [Doc. 54]. It appears to this Court, that Defendants are meeting their disclosure obligations at this time. In the event that this is not true, or the parties reach another discovery-related impasse, they are directed to contact my law clerk, Marcia Delanty at (520) 205-4521, **prior** to filing any motions. Based upon the information reflected in the docket, however, the Court declines to impose an additional deadline.

Secondly, Plaintiffs contend that the Court "misapprehended the law as to unsubstantied [sic] objections." Pls.' Mot. for Reconsideration [Doc. 49] at 2. Plaintiffs further contend that "the allegations of fraud as to the defendants' failure to honor their

- 2 -

1 warranty claim, which is not based upon the use of silicon,[1] but rather the general

2 fraudulent pattern of just not honoring their warranty claims." *Id.* Plaintiffs' Complaint

3 [Doc. 1], however, is devoid of any facts to support a more generalized claim of fraud. "A

4 pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

5 cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949,

6 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct.

7 1955, 1964-65, 167 L.Ed.2d 929 (2007)). Accordingly, the Court did not err in limiting the

8 type of customer lists and warranty claims Defendants are required to disclose.

9 Further, Plaintiffs' request for specific customer information including "name,

10 address, and phone number" is unfounded. Pls.' Mot. for Reconsideration [Doc. 49] at 2.

11 Plaintiffs did not request this information when they originally propounded the discovery

12 requests upon Defendants, and have not shown a compelling reason why this information is

13 necessary now.

14 Plaintiffs' third point of error asserts that the Court misapplied the *Erie* doctrine[2] in

15 disallowing discovery of Defendants' financial information and tax returns. Federal courts

16 sitting in diversity apply federal procedural law and state substantive law. *Hanna v. Plumer*,

17 380 U.S. 460, 465, 85 S.Ct. 1136, 1141, 14 L.Ed.2d 8 (1965); *Erie*, 304 U.S. 65, 78, 58 S.Ct.

18 817, 822, 82 L.Ed. 1188 (1938). Rule 26(b)(1), Federal Rules of Civil Procedure, provides

19 in relevant part:

20 Parties may obtain discovery regarding any nonprivileged matter that is
relevant to any party's claim or defense – including the existence, description,
21 nature, custody, condition, and location of any documents or other tangible
things and the identity and location of persons who know of any discoverable
22 matter.

23 Fed. R. Civ. P. 26(b)(1). The State of Arizona has adopted a general rule mandating that

24 "prima facie proof of a defendant's liability for punitive damages [is necessary] before his

25

26 [1]Plaintiffs use the term "silicon" here, but based on Plaintiffs' Complaint [Doc. 1] the Court
believes that Plaintiffs meant "silicone" the synthetic compound, rather than the metalloid chemical
27 element silicon.

28 [2]*Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

- 3 -

1  wealth or financial condition may be discovered." *Larriva v. Montiel*, 143 Ariz. 23, 691 P.2d 735, 736 (Ct. App. 1984). Federal courts are split regarding whether to allow pretrial discovery of financial information prior to a plaintiff to establish a *prima facie* case of punitive damages. *See CEH, Inc. v. FV "Seafarer" (ON 675048)*, 153 F.R.D. 491, 499 (D. R.I. 1994) (discussing majority and minority rule).

Although Rule 26(b)(1) allows for broad discovery, a litigant's right to that discovery is not unlimited. "District courts need not condone the use of discovery to engage in 'fishing expedition[s].'" *Rivera v. Nibco, inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004). Toward this end, the Court has the inherent power to control discovery as it deems necessary. *See Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975). Plaintiffs' Complaint [Doc. 1] states that "Defendants' conduct was fraudulent, evil and in bad faith, thus entitling Plaintiffs to punitive damages in an amount to be proven at trial. Pls.' Compl. [Doc. 1] at 12. They have not plead any facts to support this broad conclusion. Further, Plaintiffs' have requested "[b]ank statements, tax returns, general ledgers, and financial statements from defendants, for the last two years before the sale of the ATEE Engine to plaintiffs . . . [and] [g]eneral ledgers that correspond to tax returns produced by defendants." *See* Second Mot. to Compel Responses to Disc. Request #1 and for Sanctions [Doc. 36] at 4. As such, the Court finds that in light of the lack of a factual basis, as well as the burden to the Defendants, the financial information is not relevant at this time.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Reconsider Order on Plaintiffs' Second Motion to Compel Responses to Discovery Request #1 and for Sanctions and Motion to Continue the Deadlines [Doc. 49] is DENIED.

. . .
. . .
. . .
. . .
. . .
. . .

IT IS FURTHER ORDERED that the parties shall contact my law clerk, Marcia Delanty, by telephone at (520) 205-4521 regarding all discovery disputes and prior to the filing of any discovery-related motions.

DATED this 21st day of September, 2012.

*Bruce G. Macdonald*
United States Magistrate Judge